IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS REED,<br><br>        Plaintiff,<br><br>v.<br><br>SOLVAY FLUORIDES LLC,<br><br>        Defendant. | Case No. 3:24-CV-352-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Compel filed by Defendant Solvay Fluorides LLC ("Solvay"). (Doc. 31). Plaintiff Carlos Reed initiated this case against Solvay, his former employer, alleging race discrimination and retaliation under the Illinois Human Rights Act and Title VII of the Civil Rights Act of 1964. (*See* Doc. 1). Solvay now asks the Court to compel Reed to execute and produce an authorization for his employment records from his current employer, Cerro Flow Inc. ("Cerro").[1] Solvay asserts that the records are relevant to the issue of potential damages, as well as Solvay's defenses. Reed opposes the motion, arguing Solvay is on a fishing expedition to obtain evidence that is not relevant and will not lead to the discovery of relevant evidence. (Doc. 33). He further fears retribution from Cerro if it were to learn of this lawsuit.

The Court held a hearing on December 30, 2024, and took the matter under

---

[1] The Motion to Compel also seeks records from Millapore Sigma, another of Reed's former employers, but Reed has agreed to provide those records short of a court order. Accordingly, that portion of the motion is moot.

advisement. (Doc. 37).

"District courts have broad discretion in discovery-related matters." *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores E., L.P.*, 46 F.4th 587, 601 (7th Cir. 2022). Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense," and public policy favors disclosure of relevant materials. *Nucap Indus. Inc. v. Robert Bosch LLC*, No. 15 CV 2207, 2017 WL 6059770, at *1 (N.D. Ill. Dec. 7, 2017) (quoting *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Rayome v. Abt Elecs.*, No. 21 C 2639, 2024 WL 4119139 (N.D. Ill. Sept. 9, 2024) (quoting *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004)).

Here, Solvay has shown that Reed's employment records from Cerro are relevant to this litigation. This is an employment discrimination case where Reed claims he was fired on the basis of his race and in retaliation for complaining about racial discrimination. He seeks economic damages including lost wages and benefits, emotional distress damages for lost career opportunities, front pay, and attorneys' fees and costs. Reed's employment records, including any discipline that resulted in lost wages, is relevant to Reed's claim for damages.

The records are also relevant to Solvay's defenses. Solvay maintains Reed was fired because he stole scrap from the company and entered Defendant's premises off hours without authorization. Reed disputes that characterization and asserts that other employees were permitted to openly remove scrap from Solvay's premises without

discipline. The Court agrees with Solvay that whether Reed has faced similar disciplinary action regarding removal of scrap or stealing from an employer at Cerro is relevant to Reed's motive, intent, or absence of mistake or accident.

Finally, the Court notes that Reed provided different answers regarding his reason for leaving Millapore Sigma in his discovery responses and during his deposition. The Court therefore agrees with Solvay that it is entitled to verify Reed's deposition testimony using records from his employer. Of course, the information contained in these records may "ultimately prove to be of no value" at all to Solvay. *See Rayome v. Abt Elecs.*, No. 21 C 2639, 2024 WL 4119139, at *3 (N.D. Ill. Sept. 9, 2024). But that does not make the records irrelevant to Reed's claims or Solvay's defenses. Although the Court understands that Reed is concerned about his current employer learning about this litigation, the fact remains that lawsuits are public information and Reed chose to file this case.

For these reasons, the Motion to Compel filed by Defendant Solvay Fluorides LLC (Doc. 31) is **GRANTED**. Plaintiff Carlos Reed is **ORDERED** to sign the authorization for release of employment records that is attached to Solvay's motion on or before **January 10, 2025**. (Doc. 31-7).

**IT IS SO ORDERED.**

DATED: January 3, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**